HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LEAR, et al.,

        Plaintiffs,

   v.

IDS PROPERTY CAUSUALTY INSURANCE COMPANY,

        Defendant.

CASE NO. C14-1040RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the court on the motions of defendant IDS Property Casualty Insurance Company ("IDS"). IDS filed a motion to bifurcate the trial of this case (Dkt. # 14), a motion for a protective order (Dkt. # 21), and a motion to compel production of documents (Dkt. # 34). For the reasons stated below, the court GRANTS all three motions.

## II.   MOTION TO BIFURCATE

Plaintiffs have filed a lawsuit that presents a pattern familiar to this court. Plaintiff Kyle Lear, the son of plaintiffs Richard and Debra Lear, was involved in a car accident with an uninsured driver. Plaintiffs made a claim on the uninsured motorist ("UIM") coverage of their IDS-issued car insurance policy. IDS did not offer to pay as much as they wanted. They filed suit. They claim not only that IDS breached the policy, but that IDS is liable on a variety of extra-contractual claims, including claims for bad faith,

violation of the Washington Consumer Protection Act and violation of the Insurance Fair Conduct Act.

IDS seeks to bifurcate the trial of this matter into two phases. The first phase would address only plaintiffs' breach-of-policy claim. The second phase would address only the extra-contractual claims.

Federal Rule of Civil Procedure 42(b) grants courts the authority to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Courts may order separate trials to achieve "convenience, to avoid prejudice, or to expedite and economize" the proceedings. *Id.* Decisions regarding bifurcation are left to the trial court's sound discretion. *Hirst v. Gertzen*, 676 F.2d 1252 1261 (9th Cir. 1982). Bifurcation is appropriate when it simplifies the issues for the jury and avoids the danger of unnecessary jury confusion. *Id.*

The court has explained in prior orders why it will not impose complete bifurcation (*i.e.*, two separate trials with two separate discovery periods), but will allow a modified form of bifurcation (*i.e.*, a single two-phase trial before the same jury) as suggested by IDS. Rather than repeat its reasoning, the court will include the prior orders as electronic attachments to this one. In essence, complete bifurcation would convert a single case into two, doubling the resources required of the parties and the court, while doing little to advance any legitimate interest of either party. Whereas, the modified form of bifurcation implemented by this court serves the purpose of Rule 42 by simplifying the issues for the jury and expediting the proceedings.

Accordingly, the court GRANTS defendant's motion for modified bifurcation. Dkt. # 14. The trial will be bifurcated into two phases: a first phase devoted solely to determining plaintiffs' UIM claim, and a second phase devoted to all other issues,

ORDER- 2

including all issues arising from IDS's handling of plaintiffs' insurance claim.[1]  Both phases will be tried before the same jury.

The court directs the clerk to electronically attach the following order to this one:

- *Tavakoli v. Allstate Prop. & Cas. Ins. Co.*, No. 11-1587RAJ (Dkt. ## 28, 28-1) (collecting previous orders related to bifurcation).

## III.   MOTION FOR PROTECTIVE ORDER

Plaintiffs seek to compel the production of certain documents that IDS claims are covered by the attorney-client and/or work product privileges.  Dkt. # 21.  The parties believe that an *in camera* review of these documents is the most efficient way to resolve this dispute.  The court agrees.

IDS is directed to file with the court a three-ring binder that contains each of the documents that it believes are privileged.  This binder should, of course, be filed under seal and contain unredacted versions of the documents.  IDS's notice of filing should specifically refer to this order.  Each document shall be separated by a numbered divider tab and shall be preceded by an explanation of IDS's privilege claim (*i.e.*, IDS should specifically identify the text that is privileged and explain why it is privileged in a *brief* narrative paragraph or by color-coded highlighted text or some other appropriate format).  IDS shall file this binder on or before January 25, 2016.

Accordingly, IDS's motion for protective order is conditionally GRANTED pending the court's *in camera* review of the documents at issue.

---

[1] IDS correctly notes that bifurcation is particularly appropriate when resolution of a claim or issue might dispose of the entire case.  *See O'Malley v. United States Fid. & Guaranty Co.*, 776 F.2d 494, 501 (5th Cir. 1985) (bifurcation was proper because resolution of contractual claim disposed of bad faith claims).  Contrary to IDS' assertions (Dkt. # 14 at 4-5), however, under Washington law resolution of the UIM claim will not dispose of the entire case.  *See Coventry Assocs. v. Am. States Ins. Co.*, 136 Wash. 2d 269, 277-78 (1998) (reviewing examples of bad faith liability despite the insurer's proper denial of a claim).

## IV.  MOTION TO COMPEL

IDS also seeks to compel plaintiffs to provide written answers to IDS's Request for Statement of Damages.  Dkt. # 34.  Pursuant to Federal Rule of Civil Procedure 26, a party must provide:

> a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which the computation is based, including the materials bearing on the nature and extent of the injuries suffered….

Fed. R. Civ. P. (a)(1)(A)(iii).

The instant motion to compel was noted for December 11, 2015 but to-date plaintiffs have failed to respond.  *See* Local Civ. R. 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").  Accordingly, IDS's motion to compel (Dkt. # 34) is GRANTED.  Plaintiffs shall provide written responses that comply with Rule 26 on or before January 25, 2016.

## V.  CONCLUSION

For the reasons stated above, the court GRANTS all three of IDS's motions.  Dkt. ## 14, 21, 34.

Dated this 12th day of January, 2016.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER- 4