HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LEAR, et al.,

               Plaintiffs,

      v.

IDS PROPERTY CAUSUALTY
INSURANCE COMPANY,

               Defendant.

CASE NO. C14-1040RAJ

[~~PROPOSED~~] ORDER

This matter comes before the court on Defendant IDS Property and Casualty Insurance Company's ("IDS") Motion For Protective Order. The court has reviewed each document *in camera* and considered IDS's contentions regarding the applicability of the work-product doctrine and/or attorney-client privilege.[1] The following principles guided the court's analysis:

**Work-Product Doctrine:**

The work-product doctrine protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins.*

---

[1] Although the court has engaged in an *in-camera* review in this instance, the court continues to question the applicability of *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wash. 2d 686, 700 (2013) in federal court. Federal law, which governs the procedural aspects of this case, rests the determination of when to conduct an *in camera* review in the sound discretion of the court. *See MKB Constructors v. Am. Zurich Ins.*, 2014 WL 2526901 (W.D. Wash. May 27, 2014).

1   *Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P.

2   26(b)(3)).  The work-product doctrine covers documents or the compilation of materials

3   prepared by agents of the attorney in preparation for litigation.  *United States v. Nobles*,

4   422 U.S. 225, 238 (1975).

5        To qualify for work-product protection, documents must: (1) be "prepared in

6   anticipation of litigation or for trial" and (2) be prepared "by or for another party or by or

7   for that other party's representative."  *In re Grand Jury Subpoena, Mark Torf/Torf Envtl.*

8   *Mgmt. (Torf)*, 357 F.3d 900, 907 (9th Cir. 2004).  In circumstances where a document

9   serves a dual purpose, that is, where it was not prepared exclusively for litigation, then

10  the "because of" test is used.  *Id.*  Dual purpose documents are deemed prepared because

11  of litigation if "in light of the nature of the document and the factual situation in the

12  particular case, the document can be fairly said to have been prepared or obtained

13  because of the prospect of litigation."  *Id.*  In applying the "because of" standard, courts

14  must consider the totality of the circumstances and determine whether the "document was

15  created because of anticipated litigation, and would not have been created in substantially

16  similar form but for the prospect of litigation.'"  *Id.* at 908 (quoting *United States v.*

17  *Adlman*, 134 F.3d 1194 (2d Cir. 1998)).

18       **Attorney-Client Privilege:**

19       The attorney-client privilege protects confidential communications between

20  attorneys and clients from discovery or public disclosure.  RCW 5.60.060(2)(a);

21  *Hangartner v. City of Seattle*, 151 Wash.2d 439, 452 (2004).  Because the privilege

22  "impedes full and free discovery of the truth," it must be strictly construed.  *United States*

23  *v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989).  The attorney-client privilege protects only

24  communications and advice between attorney and client in the context of a professional

25  relationship involving the attorney *as an attorney*, and not documents prepared for some

26  other purpose.  *Schmidt v. California State Auto. Ass'n*, 127 F.R.D. 182, 183 (D.Nev.

27  1989); *Krammerer v. W. Gear Corp.*, 96 Wash.2d 416, 421 (1981).  The burden of

1  establishing privilege rests upon the party asserting it.  *VersusLaw, Inc. v. Stoel Rives,*
2  *LLP*, 127 Wash.App. 309, 332 (2005).

3      In Washington, "in first party insurance claims by insured's [sic] claiming bad
4  faith in the handling and processing of claims…there is a presumption of no attorney-
5  client privilege."  *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wash.2d 686, 700 (2013) (en
6  banc).  "In the insurance context, the question of whether a communication falls within
7  the attorney-client privilege can often be a difficult one because of the investigatory
8  nature of the insurance business. The line between what constitutes claim handling and
9  the rendition of legal advice is often more cloudy than crystalline."  *HSS Enter., LLC v.*
10 *AMCO Ins. Co.*, 2008 WL 163669 (W.D. Wash. Jan. 14, 2008).  "Accordingly, to the
11 extent that an attorney acts as a claims adjuster, claims process supervisor, or claims
12 investigation monitor, and not as a legal advisor, the attorney-client privilege does not
13 apply."  *Id.* at *10.  "The public policy reason behind this conclusion is that insurance
14 companies should not be permitted to insulate the factual findings of a claims
15 investigation by the involvement of an attorney to perform, or help perform, such work."
16 *Id.* at *10–11.

17     Additionally, with respect to attorney time records and expenses, the attorney-
18 client privilege covers those statements to the extent they reveal litigation strategy and
19 the nature of the services provided.  *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th
20 Cir. 1982).  "[B]ills, ledgers statements, time records and the like which also reveal the
21 nature of the law, also should fall within the privilege.  On the other hand, a simple
22 invoice requesting payment for unspecified services rendered reveals nothing more than
23 the amount of the fee and would not normally be privileged….."  *Id.*

24     Bearing these principles in mind, the court has set forth below its rulings regarding
25 each document IDS withheld as protected.  The court understands that IDS is claiming a
26 privilege only with respect to text that is highlighted in yellow.  Accordingly, the court
27 expects that IDS will produce all non-highlighted text.

1.   **Responsive to Plaintiff's Request for Production No. 1, Bates No. IDS_000133-136.**

IDS Privilege Claim: The corresponding documents are post-litigation notes regarding Uninsured Motorist claim and Bad Faith. The document is protected by attorney/client privilege.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

☐ DENIED

■ GRANTED IN PART AND DENIED IN PART

The court finds that IDS has failed to meet its burden with respect to the following entries: 11:34:32 AM; 1:23:51 AM; 10:30:04 PM; 3:54:06 PM; 2:55:57PM; 3:02:54 PM. Those entries shall be produced to plaintiff as set forth at the conclusion of this order. The remainder of the document may be redacted.

2.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000137-139.**

IDS Privilege Claim: The corresponding documents and information constitute correspondence between IDS and counsel just before and after receipt of Plaintiffs' Complaint. These documents are privileged communication between client and attorney and were also produced in preparation of and concerning strategy for the litigation already filed by Plaintiffs. Accordingly, the referenced documents are both protected attorney/client communications and also subject to protection under the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

☐ DENIED

■ GRANTED IN PART AND DENIED IN PART

The court finds that IDS has failed to meet its burden with respect to the following entries: 10:24:24 PM; 3:22:32 PM; 1:46:35 PM; 12:05;27 PM. Those entries shall be

produced to plaintiff as set forth at the conclusion of this order.  The remainder of the document may be redacted.

3.    **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000140.**

IDS Privilege Claim: The corresponding document is a sequence of file notes created by IDS referencing details concerning payment to counsel, legal advice from counsel concerning Plaintiffs' arbitration demand, and Plaintiffs' IFCA complaint. All three subjects entail privileged communication between attorney and client concerning legal services and advice. Accordingly, the corresponding document is protected by the asserted attorney/client privilege.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

☐ DENIED

■ GRANTED IN PART AND DENIED IN PART

The court finds that IDS has failed to meet its burden with respect to the following entries: 12:05:04 PM; 11:53:19 PM; 1:18:38 PM.  Those entries shall be produced to plaintiff as set forth at the conclusion of this order.  The remainder of the document may be redacted.

4.    **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000141.**

IDS Privilege Claim: The corresponding document contains a file note created by IDS referencing details concerning payment to counsel.  The subject of said note is protected by attorney/client privilege.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

5.    **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000142.**

IDS Privilege Claim: The corresponding document contains direct email communication between IDS and counsel inquiring as to the status of coverage analysis.

Coverage analysis is legal advice provided by counsel to IDS protected by attorney/client privilege.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

6.      **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000143.**

IDS Privilege Claim: The corresponding document is information regarding *Milles v. Lear.*  The information in this document is not relevant or likely to lead to the discovery of admissible evidence.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

7.      **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000143-144.**

IDS Privilege Claim: The corresponding documents contain direct email communication between IDS and counsel inquiring as to the status of coverage analysis. Coverage analysis is legal advice provided by counsel to IDS and is protected by attorney/client privilege.  Defendant will provide to Plaintiffs' counsel claim note from April 14, 2014, at 4:01 PM on IDS_000144.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

☐ DENIED

■ GRANTED IN PART AND DENIED IN PART

The court finds that IDS has failed to meet its burden with respect to the following entries: 10:356:15 AM; 10:33:18 PM; 4:41:47 PM; 6:33:42 PM.  Those entries shall be produced to plaintiff as set forth at the conclusion of this order.  The remainder of the document may be redacted.

8.      **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000145-146.**

IDS Privilege Claim: The corresponding documents are a sequence of file notes created by IDS in April of 2014 referencing details concerning conversations with third party counsel regarding Plaintiff Kyle Lear's third party arbitration award.  The information in this document is not relevant or likely to lead to the discovery of admissible evidence. Accordingly, the corresponding documents are privilege.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

☐ DENIED

■ GRANTED IN PART AND DENIED IN PART

The court finds that IDS has failed to meet its burden with respect to the following entries: 6:31:50 PM; 6:16:17 PM; 4:27:36 PM; 4:26:54 PM; 4:25:33 PM; 3:21:30 PM. Those entries shall be produced to plaintiff as set forth at the conclusion of this order. The remainder of the document may be redacted.

9.      **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000147-148.**

IDS Privilege Claim: The corresponding documents are a sequence of file notes created by IDS in March 2014 providing a description of a conversation between IDS and third party counsel regarding details of the arbitration proceedings and Plaintiffs' counsel's subsequent demand IDS settle for the amount of the arbitration award in order to avoid preclusion. Plaintiffs had, by this time, filed an IFCA Complaint notice with the Office of the Washington Insurance Commissioner.  Plaintiffs' counsel also gave notice Plaintiffs would file suit for bad faith and enforcement of Kyle Lear's Uninsured Motorist claim. IDS had reason to believe, therefore, Plaintiffs would file suit. The file notes in question were created in preparation for litigation and therefore qualify as work product and are protected by the work product doctrine. Defendant will provide to Plaintiffs' counsel claim note from

March 24, 2014, at 12:54 PM on IDS_000147 and claim note from March 19, 2014, at 10:35 AM on IDS_000148.  The remainder of these documents may remain withheld.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

10.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000149.**

Defendant will provide IDS_000149 in its entirety to Plaintiffs' counsel.

11.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000150.**

IDS Privilege Claim:   The corresponding document is a sequence of file notes created by IDS in February of 2014.  The specific file note in question details payment by IDS to defense counsel.  It is protected by attorney/client privilege and the work production doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

12.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000151-158.**

IDS Privilege Claim:  The corresponding documents are a sequence of claim notes created by IDS that reflect and describe medical treatment received by third party plaintiff Troy Milles.  Defendant will provide to Plaintiffs' counsel all claim notes contained in IDS_000151.  The documentation contained in IDS_000152-IDS_000158 was withheld upon agreement by the parties as confidential information pursuant to 158CFR§160. Therefore, the documents may remain withheld.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

☐ DENIED

■ GRANTED IN PART AND DENIED IN PART

1        The court finds that the following entries *are* covered by the attorney-client

2   privilege: 4:24:24 PM; 12:04:28 PM.  Those entries may be redacted.  With respect to the

3   remainder of the document, IDS contends that 158 CFR § 160 protects the entries

4   regarding the medical treatment received by third party plaintiff Troy Milles.  The court

5   has reviewed the Code of Federal Regulations several times and believes that no such

6   title or section exists.  Accordingly, IDS may submit a two-page supplemental brief in

7   this regard, citing applicable legal authority, on or before June 2, 2016.  If IDS fails to

8   submit a supplemental brief, IDS will be required to produce the remainder of this

9   document as set forth at the conclusion of this order.

10   13.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000160-**

11   **162.**

12        IDS Privilege Claim:  The corresponding documents are file notes created by IDS

13   reflecting communications with counsel concerning settlement and litigation strategies.

14   Accordingly, said documents are protected by both the attorney/client privilege and the

15   work product doctrine.  Therefore, the documents may remain withheld.

16        The Court finds that Defendant's Motion for Protective Order is hereby:

17        ■ GRANTED

18        ☐ DENIED

19   14.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000169.**

20        IDS Privilege Claim:   The corresponding document is file notes created by IDS

21   reflecting communications with counsel concerning Plaintiffs' IFCA Complaint and

22   Uninsured Motorist demand. Receipt of both gave IDS reasonable belief Plaintiffs would

23   file suit.  Accordingly, said documents are protected by both the attorney/client privilege

24   and the work product doctrine.  Therefore, the documents may remain withheld.

25        The Court finds that Defendant's Motion for Protective Order is hereby:

26        ☐ GRANTED

27        ☐ DENIED

1      ■ GRANTED IN PART AND DENIED IN PART

2           The court finds that IDS has failed to meet its burden with respect to the following

3      entries: 11:00:35 AM; 9:37:17 AM.  Those entries shall be produced to plaintiff as set

4      forth at the conclusion of this order.  The remainder of the document may be redacted.

5      15.    **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000170.**

6           IDS Privilege Claim:  The corresponding document is claim notes created by IDS

7      that reflect and describe medical treatment received by third party plaintiff Troy Milles. The

8      documentation was withheld upon agreement by the parties as confidential information

9      pursuant to 158 CFR§160.

10          The Court finds that Defendant's Motion for Protective Order is hereby:

11          ☐ GRANTED

12          ☐ DENIED

13          ■ GRANTED IN PART AND DENIED IN PART

14          IDS contends that 158 CFR § 160 protects claim notes regarding the medical

15     treatment received by third party plaintiff Troy Milles.  The court has reviewed the Code

16     of Federal Regulations several times and believes that no such title or section exists.

17     Accordingly, IDS may submit a two-page supplemental brief in this regard, citing

18     applicable legal authority, on or before June 2, 2016.  If IDS fails to submit a

19     supplemental brief, IDS will be required to produce this document as set forth at the

20     conclusion of this order.

21     16.    **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000177-**

22     **180.**

23          IDS Privilege Claim:  The corresponding documents are file notes created by IDS in

24     December of 2013.  These notes reflect analysis, settlement strategy, and reserve setting

25     concerning the disputed Underinsured Motorist claim.  It was clear at the time based upon

26     information accumulated through the course of IDS' claims investigation and

27     correspondence with Plaintiffs' counsel that litigation was likely with regard the Uninsured

1  Motorist claim.  The corresponding documents are protected by the work product doctrine.

2  The Court finds that Defendant's Motion for Protective Order is hereby:

3  ☐ GRANTED

4  ☐ DENIED

5  ■ GRANTED IN PART AND DENIED IN PART

6  The court finds that the following entries *are* covered by the attorney-client
7  privilege and/or work-product doctrine: 5:03:03 PM; 5:01:35 PM; 3:26:38 PM; 2:05:50
8  PM.  Those entries may be redacted.  With respect to the remaining entries, IDS claims
9  that they were prepared in anticipation of litigation.  However, they appear to be dual
10 purpose documents that would have been created in substantially similar form despite the
11 prospect of litigation.  *See In re Grand Jury Subpoena*, 357 F.3d at 908.  Accordingly,
12 IDS will be required to produce the remainder of this document as set forth at the
13 conclusion of this order.

14 17.  **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000180-**
15 **183.**

16 IDS Privilege Claim:  The corresponding documents are file notes created by IDS
17 reflecting communications with counsel concerning settlement strategies and coverage
18 analysis.

19 The Court finds that Defendant's Motion for Protective Order is hereby:

20 ☐ GRANTED

21 ☐ DENIED

22 ■ GRANTED IN PART AND DENIED IN PART

23 IDS has failed to meet its burden with respect to the first two entries listed on
24 IDS_000180.  Those entries lack a time-stamp.

25 The court's prior ruling with respect to the medical records of Troy Mills applies
26 to the following entries: 11:06:03 AM; 11:01:39 AM.

27 The court finds that the remainder of the document is covered by the attorney-

1   client privilege and/or work product doctrine.  Accordingly, the remaining entries may be

2   redacted.

3   18.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000183.**

4         IDS Privilege Claim:  The corresponding document is in the form of claim notes

5   created by IDS that reflect and describe medical treatment received by third party plaintiff

6   Troy Milles. The documentation was withheld upon agreement by the parties as confidential

7   information pursuant to 158 CFR§160.

8         The Court finds that Defendant's Motion for Protective Order is hereby:

9         ☐ GRANTED

10        ☐ DENIED

11        ■ GRANTED IN PART AND DENIED IN PART

12        IDS contends that 158 CFR § 160 protects claim notes regarding the medical

13   treatment received by third party plaintiff Troy Milles.  The court has reviewed the Code

14   of Federal Regulations several times and believes that no such title or section exists.

15   Accordingly, IDS may submit a two-page supplemental brief in this regard, citing

16   applicable legal authority, on or before June 2, 2016.  If IDS fails to submit a

17   supplemental brief, IDS will be required to produce this document as set forth at the

18   conclusion of this order.

19   19.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000187.**

20        IDS Privilege Claim:  The corresponding document is in the form of claim notes

21   created by IDS that reflect and describe medical treatment received by third party plaintiff

22   Troy Milles.   The documentation was withheld upon agreement by the parties as

23   confidential information pursuant to 158 CFR§160.

24        The Court finds that Defendant's Motion for Protective Order is hereby:

25        ☐ GRANTED

26        ☐ DENIED

27        ■ GRANTED IN PART AND DENIED IN PART

1    IDS contends that 158 CFR § 160 protects claim notes regarding the medical

2  treatment received by third party plaintiff Troy Milles.  The court has reviewed the Code

3  of Federal Regulations several times and believes that no such title or section exists.

4  Accordingly, IDS may submit a two-page supplemental brief in this regard, citing

5  applicable legal authority, on or before June 2, 2016.  If IDS fails to submit a

6  supplemental brief, IDS will be required to produce this document as set forth at the

7  conclusion of this order.

8    **20.    Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000188-**

9  **191.**

10    IDS Privilege Claim:  The corresponding documents are in the form of claim notes

11  created by IDS that reflect and describe medical treatment received by third party plaintiff

12  Troy Milles.  Defendant will provide to Plaintiffs' counsel claim note from November 19,

13  2013, at 2:44 PM on IDS_000188.   The remaining documentation was withheld upon

14  agreement by the parties as confidential information pursuant to 158 CFR§160.

15    The Court finds that Defendant's Motion for Protective Order is hereby:

16    ☐ GRANTED

17    ☐ DENIED

18    ■ GRANTED IN PART AND DENIED IN PART

19    IDS contends that 158 CFR § 160 protects claim notes regarding the medical

20  treatment received by third party plaintiff Troy Milles.  The court has reviewed the Code

21  of Federal Regulations several times and believes that no such title or section exists.

22  Accordingly, IDS may submit a two-page supplemental brief in this regard, citing

23  applicable legal authority, on or before June 2, 2016.  If IDS fails to submit a

24  supplemental brief, IDS will be required to produce this document as set forth at the

25  conclusion of this order.

26    **21.    Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000199.**

27    Defendant will provide IDS_000199 in its entirety to Plaintiffs' counsel.

22. **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000201.**

IDS Privilege Claim: The corresponding document contains file notes created by IDS in August of 2013. Redacted portions concern defense costs. Accordingly, said document is protected by both the attorney/client privilege and the work product doctrine. The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

23. **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000202-204.**

IDS Privilege Claim: The corresponding documents are file notes created by IDS in July of 2013. Redacted portions concern defense costs. Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Defendant will provide claim note from July 30, 2013, at 10:20 AM and claim note from July 29, 2013, at 6:45 PM from IDS_000203. Additionally, Defendant will provide to Plaintiffs' counsel claim note from July 29, 2013, at 5:45 PM from IDS_000204. The remainder of documents IDS_000202-IDS_000204 are protected by both the attorney/client privilege and the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

24. **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000205.**

IDS Privilege Claim: The corresponding redacted portions of the document are file notes created by IDS in July of 2013. Redacted portions concern defense costs. Accordingly, said documents are protected by the attorney/client privilege.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

25.      **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000208.**

IDS Privilege Claim: The corresponding redacted portions of the document are file notes created by IDS in June and July of 2013.  Redacted portions concern defense costs. Accordingly, said documents are protected by both the attorney/client privilege and the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

26.      **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000211.**

IDS Privilege Claim: The corresponding redacted portions of the document are file notes created by IDS in June of 2013.  Redacted portions concern defense costs. Accordingly, said documents are protected by both the attorney/client privilege and the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

27.      **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000238-239, 000249-259.**

IDS Privilege Claim: The corresponding documents are file notes created by IDS from April to May of 2013.  Redacted portions concern summaries of liability evaluations and written correspondence from counsel regarding coverage analysis and status of the Special Investigations' Unit ("SIU") investigation into Plaintiffs' PIP and Uninsured Motorist claim.  By April 2013, there was sufficient information to question the PIP and Uninsured Motorist claim.   Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance.  Defendant will provide to Plaintiffs' counsel IDS_000238-IDS_000239 and IDS_000249-IDS_000250.   The remaining documents, IDS_000251-IDS_000259, are protected by both the attorney/client privilege and the work

1    product doctrine.  Therefore, the documents may remain withheld.

2          The Court finds that Defendant's Motion for Protective Order is hereby:

3          ■ GRANTED

4          ☐ DENIED

5    28.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000260-**
6    **261.**

7          IDS Privilege Claim: The corresponding redacted portions of the document are file
8    notes created by IDS in March of 2013.  Redacted portions concern summaries of liability
9    evaluations, telephone conversations, and written correspondence from counsel regarding
10   coverage analysis and status of the SIU's investigation into Plaintiffs' Uninsured Motorist
11   claim.  By March 2013, there was sufficient information to question the Uninsured Motorist
12   and PIP claims.  Additionally, Plaintiff Richard Lear had already filed a complaint with the
13   Department of Insurance.  Accordingly, said documents are protected by both the
14   attorney/client privilege and the work product doctrine.

15         The Court finds that Defendant's Motion for Protective Order is hereby:

16         ☐ GRANTED

17         ☐ DENIED

18         ■ GRANTED IN PART AND DENIED IN PART

19         IDS has failed to meet its burden with respect to the following entry: 11:27:01
20   AM.  That entry shall be produced to plaintiff as set forth at the conclusion of this order.
21   The remainder of the document may be redacted.

22   29.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000266.**
23         Defendant will provide IDS_000266 in its entirety to Plaintiffs' counsel.

24   30.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000272.**
25         Defendant will provide IDS_000272 in its entirety to Plaintiffs' counsel.

26   31.   **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000299-**
27   **300.**

1       IDS Privilege Claim: The corresponding documents are in the form of claim notes

2    created by IDS that reflect and describe medical treatment received by third party plaintiff

3    Troy Milles. The documentation was withheld upon agreement by the parties as confidential

4    information pursuant to 158 CFR§160.

5       The Court finds that Defendant's Motion for Protective Order is hereby:

6       ☐ GRANTED

7       ☐ DENIED

8       ■ GRANTED IN PART AND DENIED IN PART

9       IDS contends that 158 CFR § 160 protects claim notes regarding the medical

10   treatment received by third party plaintiff Troy Milles.  The court has reviewed the Code

11   of Federal Regulations several times and believes that no such title or section exists.

12   Accordingly, IDS may submit a two-page supplemental brief in this regard, citing

13   applicable legal authority, on or before June 2, 2016.  If IDS fails to submit a

14   supplemental brief, IDS will be required to produce this document as set forth at the

15   conclusion of this order.

16   32.    **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000312.**

17       IDS Privilege Claim: The corresponding document is in the form of claim notes

18   created by IDS that reflect and describe medical treatment received by third party plaintiff

19   Troy Milles. The documentation was withheld upon agreement by the parties as confidential

20   information pursuant to 158 CFR§160.

21       The Court finds that Defendant's Motion for Protective Order is hereby:

22       ☐ GRANTED

23       ☐ DENIED

24       ■ GRANTED IN PART AND DENIED IN PART

25       IDS contends that 158 CFR § 160 protects claim notes regarding the medical

26   treatment received by third party plaintiff Troy Milles.  The court has reviewed the Code

27   of Federal Regulations several times and believes that no such title or section exists.

1    Accordingly, IDS may submit a two-page supplemental brief in this regard, citing

2    applicable legal authority, on or before June 2, 2016.  If IDS fails to submit a

3    supplemental brief, IDS will be required to produce this document as set forth at the

4    conclusion of this order.

5    **33.   Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000314.**

6        Defendant will provide IDS_000314 in its entirety to Plaintiffs' counsel.

7    **34.   Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000317.**

8        IDS Privilege Claim: The corresponding document is information regarding *Milles v.*

9    *Lear*.  The information in this document is not relevant or likely to lead to the discovery of

10    admissible evidence.  Therefore, the document may remain withheld.

11        The Court finds that Defendant's Motion for Protective Order is hereby:

12    ■ GRANTED

13    ☐ DENIED

14    **35.   Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000318.**

15        Defendant will provide IDS_000318 in its entirety to Plaintiffs' counsel.

16    **36.   Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000324-**

17    **325.**

18        Defendant will provide IDS_000324-IDS_000325 in its entirety to Plaintiffs'

19    counsel.

20    **37.   Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000346-**

21    **347.**

22        Defendant will provide IDS_000346-IDS_000347 to Plaintiffs' counsel in its

23    entirety.

24    **38.   Not Responsive to Plaintiffs' Requests for Production, Bates No. IDS_000383-**

25    **391.**

26        IDS Privilege Claim: The corresponding documents are medical bills for treatment

27    received by third party plaintiff Tory Milles.   The documents were withheld upon

1   agreement by the parties as confidential information pursuant to 158 CFR§160.  Therefore,
2   the documents may remain withheld.

3        The Court finds that Defendant's Motion for Protective Order is hereby:

4        ☐ GRANTED

5        ☐ DENIED

6        ■ GRANTED IN PART AND DENIED IN PART

7        IDS contends that 158 CFR § 160 protects claim notes regarding the medical
8   treatment received by third party plaintiff Troy Milles.  The court has reviewed the Code
9   of Federal Regulations several times and believes that no such title or section exists.
10  Accordingly, IDS may submit a two-page supplemental brief in this regard, citing
11  applicable legal authority, on or before June 2, 2016.  If IDS fails to submit a
12  supplemental brief, IDS will be required to produce this document as set forth at the
13  conclusion of this order.

14  39.   **Not Responsive to Plaintiffs' Requests for Production, Bates No. IDS_000439-**
15  **455.**

16       IDS Privilege Claim: The corresponding documents are medical bills for treatment
17  received by third party plaintiff Tory Milles.   The documents were withheld upon
18  agreement by the parties as confidential information pursuant to 158 CFR§160.  Therefore,
19  the documents may remain withheld.

20       The Court finds that Defendant's Motion for Protective Order is hereby:

21       ☐ GRANTED

22       ☐ DENIED

23       ■ GRANTED IN PART AND DENIED IN PART

24       IDS contends that 158 CFR § 160 protects claim notes regarding the medical
25  treatment received by third party plaintiff Troy Milles.  The court has reviewed the Code
26  of Federal Regulations several times and believes that no such title or section exists.
27  Accordingly, IDS may submit a two-page supplemental brief in this regard, citing

1  applicable legal authority, on or before June 2, 2016.  If IDS fails to submit a

2  supplemental brief, IDS will be required to produce this document as set forth at the

3  conclusion of this order.

4  40.   **Responsive to Plaintiffs' Request for Production Nos. 33, 34, and 36; Bates No.**

5       **IDS_000606-607.**

6       IDS Privilege Claim: The corresponding documents are written correspondence

7  dated July 22, 2013, from defense counsel to IDS concerning payment related to legal and

8  coverage analysis services.   Accordingly, said documents are protected by both the

9  attorney/client privilege and the work product doctrine.   Therefore, the documents may

10  remain withheld.

11      The Court finds that Defendant's Motion for Protective Order is hereby:

12      ☐ GRANTED

13      ■ DENIED

14  41.   **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No.**

15       **IDS_000776-782.**

16       IDS Privilege Claim: The corresponding documents are written communications

17  between defense counsel and reconstruction expert David Wells between July 2013 and

18  January 2014. By July 2013, there was sufficient information to question the PIP and

19  Uninsured Motorist claims.   Additionally, Plaintiff Richard Lear had already filed a

20  complaint with the Department of Insurance. Accordingly, said documents are protected by

21  work product doctrine.  Therefore, the documents may remain withheld.

22      The Court finds that Defendant's Motion for Protective Order is hereby:

23      ☐ GRANTED

24      ■ DENIED

25      These communications begin January 2013 rather than July 2013, as claimed by

26  IDS. Additionally, they appear to be dual purpose documents that would have been

27  created in substantially similar form despite the prospect of litigation.  *See*

1  *Jury Subpoena*, 357 F.3d at 908.   Accordingly, IDS will be required to produce these

2  documents.

3  42.  **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No.**

4  **IDS_000783-784.**

5  IDS Privilege Claim: The corresponding documents are written communication

6  dated May of 2013 between defense counsel and IDS. Redacted portions reflect updates of

7  communications with Plaintiffs' counsel. By May 2013, there was sufficient information to

8  question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit.

9  Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of

10  Insurance. Accordingly, said documents are protected by both the attorney/client privilege

11  and work product doctrine.

12  The Court finds that Defendant's Motion for Protective Order is hereby:

13  ■ GRANTED

14  ☐ DENIED

15  43.  **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No.**

16  **IDS_000788-789.**

17  IDS Privilege Claim: The corresponding documents are written communication from

18  February to April 2013 between defense counsel and IDS. Redacted portions reflect legal

19  analysis and strategy relative to IDS' claims investigation. By February 2013, there was

20  sufficient information to question the PIP and Uninsured Motorist claims and suspect

21  Plaintiffs could file suit.  Additionally, Plaintiff Richard Lear had already filed a complaint

22  with the Department of Insurance. Accordingly, said documents are protected by both the

23  attorney/client privilege and work product doctrine.

24  The Court finds that Defendant's Motion for Protective Order is hereby:

25  ■ GRANTED

26  ☐ DENIED

27  ///

1    **44.    Responsive to Plaintiffs' Request for Production Nos. 33, 34, and 36; Bates No.**
2         **IDS_000792-793.**

3         IDS Privilege Claim: The corresponding documents are written communication
4    dated March 4, 2013, between defense counsel and IDS.   Redacted portions concern
5    Plaintiffs' examinations under oath and related legal analysis.   By March 2013, there was
6    sufficient information to question the PIP and Uninsured Motorist claim and suspect
7    Plaintiffs could file suit.   Additionally, Plaintiff Richard Lear had already filed a complaint
8    with the Department of Insurance.   Accordingly, said documents are protected by both the
9    attorney/client privilege and work product doctrine.

10        The Court finds that Defendant's Motion for Protective Order is hereby:

11        ■ GRANTED

12        ☐ DENIED

13   **45.   Responsive to Plaintiffs' Request for Production Nos. 33, 34, and 36; Bates No.**
14        **IDS_000794-796.**

15        IDS Privilege Claim:   The corresponding documents are a February 25, 2013,
16   internal memo summary generated by defense counsel after conducting Plaintiffs'
17   examinations under oath regarding the facts surrounding Kyle Lear's PIP and Uninsured
18   Motorist claims. By February 2013, there was sufficient information to question the PIP and
19   Uninsured Motorist claim.   Additionally, Plaintiff Richard Lear had already filed a
20   complaint with the Department of Insurance. Accordingly, said document is protected by
21   the attorney/client and work product doctrine.

22        The Court finds that Defendant's Motion for Protective Order is hereby:

23        ■ GRANTED

24        ☐ DENIED

25   **46.   Responsive to Plaintiffs' Request for Production Nos. 33, 34, and 36; Bates No.**
26        **IDS_000797.**

27        IDS Privilege Claim: The corresponding document is a screenshot from the file

1  assignment program used by IDS to assign files to counsel and not likely to lead to
2  discoverable information.

3      The Court finds that Defendant's Motion for Protective Order is hereby:

4      ☐ GRANTED

5      ■ DENIED

6  47.  **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No.**
7       **IDS_000798-800.**

8      IDS Privilege Claim: The corresponding documents are written communications
9  between defense counsel and reconstruction expert David Wells between January and
10 February 2013. By January 2013, there was sufficient information to question the PIP and
11 Uninsured Motorist claims and suspect Plaintiffs could file suit.  Additionally, Plaintiff
12 Richard Lear had already filed a complaint with the Department of Insurance. Accordingly,
13 said documents are protected by work product doctrine.

14     The Court finds that Defendant's Motion for Protective Order is hereby:

15     ☐ GRANTED

16     ■ DENIED

17 48.  **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No.**
18      **IDS_000801-803.**

19     IDS Privilege Claim: The corresponding documents are written communications
20 dated February 24 and 25, 2013 between defense counsel and IDS concerning legal analysis
21 of the ongoing claims investigation as well as recent communication with Plaintiffs'
22 counsel. By February 2013, there was sufficient information to question the PIP and
23 Uninsured Motorist claims and suspect Plaintiffs could file suit.  Additionally, Plaintiff
24 Richard Lear had already filed a complaint with the Department of Insurance. Accordingly,
25 said documents are protected by both the attorney/client privilege and work product
26 doctrine.

27     The Court finds that Defendant's Motion for Protective Order is hereby:

1    ■ GRANTED

2    ☐ DENIED

3    49.   **Responsive to Plaintiffs' Request for Production No. 36, Bates No. IDS_000804-**

4          **805.**

5          IDS Privilege Claim: The corresponding documents are written communications

6    dated February 13, 2013 between defense counsel and IDS concerning file materials

7    regarding Plaintiffs' PIP and Uninsured Motorist claim.  Said documents are protected by

8    both the attorney-client privilege and work product doctrine.

9          The Court finds that Defendant's Motion for Protective Order is hereby:

10   ■ GRANTED

11   ☐ DENIED

12   50.   **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No.**

13         **IDS_000806-816.**

14         IDS Privilege Claim: The corresponding documents are written communications

15   between defense counsel and reconstruction expert David Wells in January of 2013. By

16   January 2013, there was sufficient information to question the PIP and Uninsured Motorist

17   claim and suspect Plaintiffs could file suit.  Additionally, Plaintiff Richard Lear had already

18   filed a complaint with the Department of Insurance. Accordingly, said documents are

19   protected by work product doctrine.

20         The Court finds that Defendant's Motion for Protective Order is hereby:

21   ☐ GRANTED

22   ■ DENIED

23         These documents appear to be dual purpose documents regarding the investigation

24   of Mr. Lear's claim that would have been created in substantially similar form despite the

25   prospect of litigation.  *See In re Grand Jury Subpoena*, 357 F.3d at 908.  Accordingly,

26   IDS will be required to produce these documents.

27   ///

51.   **Responsive to Plaintiffs' Requests for Production Nos. 33, 34, and 36; Bates No. 000817, 821, and 823.**

IDS Privilege Claim: The corresponding documents are a series of written communications between defense counsel and IDS in January 2013 regarding Plaintiffs' PIP and Uninsured Motorist claim for purposes of obtaining legal advice regarding IDS' claims investigation. By January 2013, there was sufficient information to question the PIP and Uninsured Motorist claim and suspect Plaintiffs could file suit.  Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said documents are protected by both the attorney/client privilege and the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

52.   **Responsive to Plaintiffs' Request for Production No. 36; Bates No. IDS_000825.**

IDS Privilege Claim: The corresponding document is a written communication dated January 3, 2013 between defense counsel's office and IDS concerning file materials regarding Plaintiffs' PIP and Uninsured Motorist claims. By January 2013, there was sufficient information to question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit.  Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said document is protected by both the attorney/client privilege and work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

☐ GRANTED

■ DENIED

53.   **Responsive to Plaintiffs' Request for Production No. 37; Bates No. IDS_000826-829.**

IDS Privilege Claim: The corresponding documents are written communications

between defense counsel and IDS in January of 2013 regarding Plaintiffs' PIP and Uninsured Motorist claims for purposes of obtaining legal advice regarding IDS' claims investigation. By January 2013, there was sufficient information to question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit.  Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said documents are protected by both the attorney/client privilege and the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

54.    **Responsive to Plaintiffs' Request for Production No. 37; Bates No. IDS_000833-835.**

IDS Privilege Claim: The corresponding documents are written communications between defense counsel and IDS from December 2012 to January 2013 regarding Plaintiffs' PIP and Uninsured Motorist claims for purposes of obtaining legal advice regarding IDS' claims investigation. By December 2012, there was sufficient information to question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit based upon communications with Richard Lear.  Accordingly, said documents are protected by both the attorney/client privilege and work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

55.    **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No. IDS_000839-841.**

IDS Privilege Claim: The corresponding documents are attorney notes generated by defense counsel in or around February 2013 regarding the facts surrounding Kyle Lear's PIP and Uninsured Motorist claims. By February 2013, there was sufficient information to

question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit. Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said document is protected by the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

56.   **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No. IDS_000842-843.**

IDS Privilege Claim: The corresponding documents are February 25, 2013, internal memo summary generated by defense counsel after conducting Plaintiffs' examinations under oath regarding the facts surrounding Kyle Lear's PIP and Uninsured Motorist claims. By February 2013, there was sufficient information to question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit.  Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said document is protected by the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

57.   **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No. IDS_000844-861.**

IDS Privilege Claim: The corresponding documents are attorney notes generated by defense counsel during the February 22, 2013, examinations under oath of Plaintiffs regarding the facts surrounding Kyle Lear's PIP and Uninsured Motorist claims. By February 2013, there was sufficient information to question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit.  Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said documents are protected by the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

58.    **Responsive to Plaintiffs' Request for Production Nos. 33 and 34, Bates No. IDS_000862-864.**

IDS Privilege Claim: The corresponding documents are attorney notes generated by defense counsel during the February 22, 2013, examinations under oath of Plaintiffs regarding the facts surrounding Kyle Lear's PIP and Uninsured Motorist claims. By February 2013, there was sufficient information to question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit.  Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said documents are protected by the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

59.    **Responsive to Plaintiffs' Request for Production Nos. 7 and 9, Bates No. IDS_000873, 876, 880, 891, 893.**

IDS Privilege Claim: The corresponding documents are attorney notes generated by defense counsel after being retained by IDS in January of 2013 for the purpose of assisting with examinations under oath.  The notes correspond with Troy Milles recorded statements obtained previously by IDS. By January 2013, there was sufficient information to question the Uninsured Motorist claim and suspect Plaintiffs would file suit.  Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said document is protected by the work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

60.     **Responsive to Plaintiffs' Request for Production No. 1, Bates No. IDS_000969-001149.**

IDS Privilege Claim: The corresponding documents are duplicative of documents Nos. IDS_000133-IDS_000353. To the extent said documents were discoverable, they have already been produced. To the extent IDS has asserted privilege, those privileges have been addressed *supra* in Sections 1 through 39.

The Court therefore refers to its rulings on those discrete documents previously addressed.

61.     **Responsive to Plaintiffs' Request for Production No. 36, Bates No. IDS_001150-1152.**

IDS Privilege Claim: The corresponding documents are written communication in February of 2013 between defense counsel and IDS concerning file materials regarding Plaintiffs' PIP and Uninsured Motorist claims; as well as internal communications generated by defense counsel regarding the same. By February 2013, there was sufficient information to question the PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit.   Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of Insurance. Accordingly, said documents are protected by both the attorney/client privilege and work product doctrine.

The Court finds that Defendant's Motion for Protective Order is hereby:

■ GRANTED

☐ DENIED

62.     **Responsive to Plaintiffs' Request for Production No. 3, Bates No. IDS_001211-1213.**

IDS Privilege Claim: The corresponding documents are corporate training materials for IDS. IDS has objected to the disclosure of these materials as they are sensitive proprietary information IDS does not want circulated, not relevant to the controversy in question, inadmissible at trial, and not reasonably calculated to lead to the discovery of any

1 | additional admissible evidence.

2 | The Court finds that Defendant's Motion for Protective Order is hereby:

3 | ☐ GRANTED

4 | ■ DENIED

5 | The court is unaware of a "sensitive and proprietary" privilege or other doctrine that

6 | would prevent disclosure of these materials.  Accordingly, IDS is directed to produce these

7 | documents to the plaintiff.  It appears, however, that the parties have failed to agree to a

8 | protective order governing discovery.  Because training manuals often involve trade secret

9 | information, the court directs the parties to treat these documents as "Attorney's Eyes Only

10 | and Confidential."  To the extent either party wishes to rely on these materials in connection

11 | with any motion, they may lodge the documents under seal and file a motion to seal that

12 | complies with applicable Ninth Circuit law.

13 | 63. **Responsive to Plaintiffs' Request for Production Nos. 10 and 25, Bates No.**

14 | **IDS_001734-1738.**

15 | IDS Privilege Claim: The corresponding documents are notes generated by expert

16 | witness David Wells contemporaneously with his investigation of the insured vehicle

17 | beginning in January 2013. By January 2013, there was sufficient information to question

18 | Plaintiffs' PIP and Uninsured Motorist claims and suspect Plaintiffs could file suit.

19 | Additionally, Plaintiff Richard Lear had already filed a complaint with the Department of

20 | Insurance. Accordingly, said document is protected by the work product doctrine.

21 | The Court finds that Defendant's Motion for Protective Order is hereby:

22 | ☐ GRANTED

23 | ■ DENIED (Conditionally)

24 | It is unclear whether IDS retained Mr. Wells as a consulting expert or a testifying

25 | expert.  IDS is directed to file a one-page supplemental brief explaining why these

26 | documents are not discoverable.  Specifically, IDS should address the applicability of

27 | Federal Rule of Civil Procedure 26(b)(4) and *Republic of Ecuador v. Mackay*, 742 F.3d 860

(9th Cir. 2014).

The Court, having reviewed Defendant's Motion for Protective Order as to the documents referenced above rules as follows:

1.      If DENIED, Defendant will produce the corresponding information within <u>30 days</u> from the date of this Order;

2.      If GRANTED, the corresponding information shall remain withheld under the privilege asserted.

3.      If the court has ordered supplemental briefing with respect to any document, counsel shall file that briefing on or before June 2, 2016.

Dated this 27th day of May, 2016.




The Honorable Richard A. Jones
United States District Judge